IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Ray Ackerman, Paul Arends, Cliff Baker, )
Anthony Borgstahl, Melanie Buckner, )
Robert Cisneros, Kimberly Graham, )
Lavern Grayer, Tim Gullickson, Angela )
Kaiser, Harry Mattier, Donald Miller, )
Gulirana Minhas, Natasha Norby, William )
Nwameme, Sheilla Schaeppi, Keith )
Schuckert, Stacy Studler, Alfonso )
Vasquez, Lenora Wardell, and Veronica )
Wright on behalf of themselves and others )
similarly situated, )
        Plaintiffs, )
  vs. )
KFC Corporation, )
        Defendant. )

Case No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

## I. PRELIMINARY STATEMENTS

1.    This is a collective and class action brought by Plaintiffs Ray Ackerman, Paul Arends, Cliff Baker, Anthony Borgstahl, Melanie Buckner, Robert Cisneros, Kimberly Graham, Lavern Grayer, Tim Gullickson, Angela Kaiser, Harry Mattier, Donald Miller, Gulirana Minhas, Natasha Norby, William Nwameme, Sheilla Schaeppi, Keith Schuckert, Stacy Studler, Alfonso Vasquez, and Lenora Wardell, Veronica Wright (collectively "Plaintiffs"), on their own behalf collectively and on behalf of the proposed class identified below. Plaintiffs and the putative class members were or are employed by Defendant KFC Corporation as assistant unit managers in Minnestoa and were denied overtime compensation as required by state and federal wage and hour laws. These employees are similarly situated under the Federal Rules of Civil Procedure 23 and other

SCANNED
JUN 08 2007
U.S. DISTRICT COURT MPLS

applicable state law provisions, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. Plaintiffs bring their own individual actions collectively pursuant to the FLSA. Plaintiffs were previously part of another action filed in August 2005. That case is entitled Christian Parler et al v. KFC Corp., D. Minn. Civ. No.: 05-2198 (PJS/JJG). The Parler case was decertified On June 4, 2007, and Plaintiffs were dimissed by the Court without prejudice to re-file their claims. (See Christian Parler et al v. KFC Corp., D. Minn. Civ. No.: 05-2198 (PJS/JJG) at Dkt. 180.) Plaintiffs bring their individual claims under the FLSA because for at least three years prior to filing the original Complaint, Defendant has willfully committed widespread violations of the FLSA by failing to pay Plaintiffs overtime compensation for all hours worked over forty per week.

3. In addition to their individual FLSA claims, Plaintiffs also bring a state class action claim on behalf of themselves and all other similarly situated current and former assistant unit managers of Defendant who worked in the State of Minnesota at any time from September 8, 2003 through the date of final disposition of this action, and were or are improperly classified as exempt from overtime pay under Minnesota law.

II. **PARTIES**

4. Defendant KFC Corporation is a foreign corporation with its principle place of business in Louisville, Kentucky. KCF operates numerous fast-food restaurants across the country, including facilities in Minnesota. KFC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and Minn. Stat. § 177.23, Subd. 6.

5. Plaintiffs Ray Ackerman, Paul Arends, Cliff Baker, Anthony Borgstahl, Melanie Buckner, Robert Cisneros, Kimberly Graham, Lavern Grayer, Tim Gullickson, Angela Kaiser, Harry Mattier, Donald Miller, Gulirana Minhas, Natasha Norby, William Nwameme, Sheilla Schaeppi, Keith Schuckert, Stacy Studler, Alfonso Vasquez, Lenora Wardell, and Veronica Wright are residents of Minnesota and worked as assistant unit managers for Defendant's KFC restaurants in Minnesota during the applicable three year statute of limitations.

### III. JURISDICTION

6. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Each Plaintiff has signed a consent form to join this lawsuit, copies of which are attached as Exhibit A.

7. This Court has supplemental jurisdiction over the state wage and hour law claim in this action pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

8. The District of Minnesota has personal jurisdiction over Defendant because Defendant has qualified with the Minnesota Secretary of State to do business and is doing business in Minnesota, and in this district.

9. Venue is proper in this district because Defendant maintains and operates restaurants in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## IV.  FLSA COLLECTIVE ACTION FACTUAL ALLEGATIONS

10. During the three year statutory period, Plaintiffs worked as assistant unit managers in Defendant's KFC restaurants. As assistant unit managers, Plaintiffs' primary duties were preparing, cooking, and packaging food, cleaning, and providing customer service. Plaintiffs spent a vast majority of their work time performing such duties.

11. During the statutory period, Plaintiffs worked in excess of forty (40) hours per week without receiving overtime compensation.

12. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 et seq., specifically § 207(a)(1). As a result of these unlawful practices, Plaintiffs suffered a loss of wages.

13. Defendant knew, or showed reckless disregard for the fact, that it failed to pay Plaintiffs overtime compensation in accordance with these laws.

## V.  STATE SPECIFIC CLASS ACTION ALLEGATIONS

14. Plaintiffs bring Claim for Relief Two on their own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure. The Class is defined as all persons who worked as assistant unit managers in Defendant's Minnesota restaurants during the three year statutory period, and worked hours over forty-eight (48) per workweek for which they were not paid.

15. <u>Numerosity</u>: Plaintiffs are informed and believe, and on that basis allege, that more than one-hundred (100) people have been employed as assistant unit managers

in Minnesota within the applicable statutory period. For this reason, the members of the Class are so numerous that joinder of all members is impossible and/or impracticable.

16. <u>Typicality</u>: Plaintiffs' claims are typical of the members of the Class. Plaintiffs are informed and believe that, like other assistant unit managers, they routinely worked more than forty-eight (48) hours per week. Plaintiffs have the same duties and responsibilities as the Class members. Plaintiffs and the Class were subject to Defendant's policy and practice of improperly treating and classifying assistant unit managers as "exempt" from federal and state wage and hour laws, failing to pay appropriate overtime compensation, and failing to maintain accurate time records of hours worked.

17. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate Defendant.

18. <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interest of the Class, and have retained counsel experienced in complex wage and hour class and collective action litigation.

19. <u>Commonality</u>: Common questions of law and fact exist to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether Defendant unlawfully failed to pay overtime compensation in violation of state law;

    b.    Whether Plaintiffs and the Class members are non-exempt and entitled to compensation for overtime hours worked under the pay requirements of state law, including applicable statutory and regulatory authority;

    c.    Whether Defendant employed Plaintiffs and the Class within the meaning of the definitions set forth under state law;

    d.    Whether Defendant failed to keep accurate time records for all hours worked by Plaintiffs and the Class;

    e.    The proper measure of damages sustained by Plaintiffs and the Class;

    f.    Whether Defendant's actions were "willful"; and

    g.    Whether Defendant should be enjoined from such violations in the future.

20.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

21.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Plaintiffs and the Class predominate over any questions affecting only individual members of the Class, and because a class action

is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied Plaintiffs and the Class the overtime pay to which they are entitled. The damages suffered by Plaintiffs and the Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

22.  Plaintiffs intend to send notice to all members of the Class to the extent required by Rule 23. The names and address of the Class members are available from Defendant.

## VI.  CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**Violation of Fair Labor Standards Act**
**(On Behalf of Plaintiffs Collectively)**

23.  Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

24.  Plaintiffs consent in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent forms are attached hereto as Exhibit A.

25.  At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendant has employed and continues to employ employees, including Plaintiffs. At all

relevant times, upon information and belief Defendant has had gross operating revenues in excess of $500,000.00.

26. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

27. During their employment with Defendant, within the applicable statute of limitations, Plaintiffs worked in excess of forty hours per workweek without overtime compensation. Despite the hours worked by Plaintiffs, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them overtime compensation.

28. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

30. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, and such other legal and equitable relief as the Court deems just and proper.

31. Plaintiffs also seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

32. Plaintiffs seek to pursue their individual FLSA claims collectively.

## SECOND CLAIM FOR RELIEF

**Violation of Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21** *et seq.*
**(On Behalf of Plaintiffs and the Class they Seek to Represent)**

33. Plaintiffs on behalf of themselves and all members of the Class allege and incorporate by reference the allegations in the preceding paragraphs.

34. The foregoing conduct, as alleged, violates the Minnesota Fair Labor Standards Act, § 177.21, *et seq.*, and the regulations promulgated there under, Minnesota Rules § 5200.01 *et seq.* (collectively "Minnesota Wage Laws").

35. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Minnesota Wage Laws, specifically Minn. Stat. § 177.23, Subd. 6. Defendant has employed or continues to employ "employees" including Plaintiffs, and each member of the prospective Class, within the meaning of the Minnesota Wage Laws, specifically Minn. Stat. § 177.23, Subd. 7.

36. The Minnesota Wage Laws require an employer, such as Defendant, to pay overtime compensation to all non-exempt employees for hours worked over forty-eight (48) per workweek. See Minn. Stat. §§ 177.23, 177.25. Plaintiffs and members of the Class are not exempt from the overtime pay requirements under the Minnesota Wage Laws.

37. At all relevant times, Defendant had a policy and practice of failing and refusing to pay overtime Plaintiffs and the Class for their hours worked in excess of forty-eight (48) hours per workweek.

38.  As a result of failing to pay Plaintiffs and the Class all of their overtime wages earned and due at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty-eight (48) hours in a workweek, Defendant has willfully violated and continues to violate the Minnesota Wage Laws.

39.  As a result of Defendant's failure to record, report, credit, and furnish to each non-exempt assistant unit manager employed in the State of Minnesota, including the Plaintiffs and the Class, their respective wage and hour records showing all wages earned and due for all worked performed, Defendant has failed to make, keep, preserve, and furnish such records in violation of Minnesota Wage Laws, specifically, Minn. Stat. § 177.30.

40.  Plaintiffs, on behalf of themselves and the Class, seek attorneys' fees and costs to be paid by Defendant as provided by the Minnesota Wage Laws.  See Minn. Stat. § 177.27, Subd. 7.

41.  Plaintiffs, on behalf of themselves and members of the Class, seek damages in the amount of their unpaid overtime wages at a rate of not less than one and one-half their regular rate of pay for all hours worked in excess of forty-eight (48) per week, liquidated damages; and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems proper.

## VII.  PRAYER FOR RELIEF

A.  WHEREFORE, Plaintiffs on their own behalf demand:

1.  Judgment under the FLSA against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

    2.    Liquidated damages;

    3.    All costs and attorneys' fees incurred prosecuting this claim as provided by federal law;

    4.    An award of prejudgment interest and post judgment interest (to the extent liquidated damages are not awarded);

    5.    Any and all additional damages, costs, fees, and penalties as provided by law; and

    6.    Such further relief as the Court deems just and equitable.

B.    WHEREFORE, Plaintiffs demand on behalf of themselves and members of the Class

    1.    Judgment under Minnesota State Law against Defendant for an amount equal to Plaintiffs' and similarly situated employees' unpaid back wages at the applicable overtime rate;

    2.    Liquidated damages;

    3    Certification of the state law claim as a class action under Minnesota Law;

    4.    Designation of Plaintiffs as Class Representatives;

    5.    All costs and attorneys' fees incurred prosecuting this claim as provided by applicable state law;

    6.    An award of prejudgment interest and post judgment interest as provided by applicable state and federal law (to the extent liquidated damages are not awarded);

    7.    Any and all additional damages, costs, fees, and penalties as provided by applicable state law; and

    8.    For such further relief as the Court deems just and equitable.

Dated: 6/7/07

NICHOLS KASTER & ANDERSON, PLLP

*/s/ Michele Fisher*

Donald H. Nichols, MN Bar No. 78918
Paul J. Lukas, MN Bar No. 22084X
Michele R. Fisher, MN Bar No. 303069
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 218-4870

ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASS